ROBERT L. BLAND, Judge.
The petition in this case, which was duly filed with the clerk on the 30th of June 1942, alleges that on the 22nd day of March 1938, Mary Dillon, then fifteen years of age, was a student in the Hinton high school, one of the public schools of *367 Summers county, West Virginia; was transported to and from, said school to her home, near Lilly, West Virginia, by one of the school buses owned and operated by the board of education of Summers county, West Virginia'; that on said 22nd day of March 1938, and for some time prior thereto said bus was driven and operated by one C. A. Clinebell, who was employed by said board of education of Summers county, West Virginia, to drive and operate said bus in the transportation of students to and from said school; that on the afternoon of March 28, 1938, while transporting the said Mary Dillon and other students from said school to their homes, and while driving said bus over West Virginia route No. 3, at a point near Jumping Branch, West Virginia, said driver operated said bus in such a careless, negligent and improper manner that said bus ran off the road and upsided in a deep drain; that as a result of said accident the said' Mary Dillon was thrown through the windshield of said bus and was seriously, painfully and permanently injured in and about her entire body, and was especially injured in and about her head, neck and right arm, which said injuries to the right arm resulted in almost total loss of the use of said arm; that by reason of said injuries the said Mary Dillon was permanently scarred, disfigured and disabled and has been and will continue through life to be highly nervous; that by reason of said injuries the said Mary Dillon was confined in a hospital for a long period of time, for which large expenses were incurred and she suffers great physical pain and mental anguish, and yet so suffers.
The petition also alleges that no public liability insurance was carried on said bus by said board of education, and that the driver of said bus is not financially responsible.
The claimant seeks an award of $15,000.00.
In the opinion of Judge Schuck and myself the claim presented by the petition is not prima facie within the jurisdiction of the court of claims and for that reason it was not placed upon the docket for investigation and hearing. Judgé Elswick takes the opposite view and will file a dissenting opinion.
*368 Chapter 18, article 5, section 5 of the official code’provides that a county board of education shall be a corporation and may sue and be sued, plead and be impleaded, contract and be contracted- with. The local or county administration of the state system of free schools, authorized by the -constitution, has been delegated by the state to the county boards of education of the state.-
Upon the showing made by the petition it is obvious that the claim asserted is against a subdivision of the state.
In Ralston v. Weston, 46 W. Va. 549, Judge Dent said: “The word ‘State’ is generally understood to denote three different things, and often without discrimination: First, the territory within its jurisdicton; second, the government or governmental agences appointed to carry out the will of the people; and third, the people in their sovereign capacity.” The purpose of the Legislature in creating the court of claims, as expressed in the act, was to provide a simple and expeditious method for the consideration of claims against the state. It was not, we think, contemplated by the Legislature that thé court act should be so construed as to extend to the consideration of claims against the subdivisions of the state.
A claim against a board of education is a claim against a unit or subdivision of the state. It is not a claim against the state as a sovereign commonwealth. It is not a claim against the state at large or the general public. It is not a claim against a state agency as defined by the court of claims act. State agencies are those whose duties concern the state at large. A state agency as defined in the court act was not intended to include a political subdivision, but only to apply to administrative agencies of state government as such.- They are agencies to which are delegated the exercise of a portion of the sovereign power of the state. A board of education is not a department of the state government. Such boards are not created for governmental purposes. The duties of a county board of education do not concern the state at large. Such a board is not engaged in the exercise of any part of the *369 sovereign power of the state. . Its duties and power. are not coextensive with the state.
In the case of claim No. 48, J. C. Richards v. The Board of Education of Calhoun County, West Virginia, and claim No. 55, Benjamin Johnson, Jr., v. The Board of Education of Logan County, West Virginia, both of which were claims for personal injuries sustained by pupils attending public schools, this court made awards. The members of the court, however, were not in agreement upon the question of the court’s jurisdiction to do so. The opinion in the Richards case was written by Judge Elswick. I wrote the opinion in the Johnson case, basing the award upon the principles enunciated in the opinion in the Richards case, Judge Schuck took the position at that time that a county board of education was not a state agency as defined by the court act. At the time of the determination of said two claims I reasoned that if the purpose of chapter 20 of the acts of the legislature of 1941, creating a court of claims, was to provide for the hearing of claims against the state which are barred from adjudication in the courts of the state by reason of section 35, article 6 of the constitution, the claims under consideration fell within that category. It seemed to me that the profound reasoning of Judge Elswick’s opinion was unanswerable, and for that reason I adopted his views and joined with him in making said two awards. From the beginning of the consideration of the claims, however, Judge Schuck contended that the jurisdiction of the court of claims could not be extended to embrace subdivisions or units of government, and filed a dissenting opinion. All three members of the court were in agreement that if the court of claims did not have jurisdiction to make awards in cases such as those presented by the Richards and Johnson claims, supra, that the court act should be so amended as to give the court power to make such awards, and Judge Schuck, in his dissenting opinion, made recommendations accordingly.
Since the determination made in said two cases, and as the result of further earnest study and reflection, I have reached *370 the conclusion that the jurisdiction conferred by the Legislature upon the court of claims to make awards does not include political subdivisions. I want, so far as it is possible for me to do so, to be right in the determination of claims in which I concur. If I am persuaded that I have been wrong I shall not hesitate to endeavor to correct the error. I know that the three members of the court of claims have been earnest, conscientious and diligent in their investigation, study and consideration of all claims that have been presented to the commission, and each one has tried very faithfully to discharge his duty to the best of his ability and understanding. The state court of claims of West Virginia is an experiment. There are only four courts of claims in the United States, namely, New York, Illinois, Michigan, and West Virginia. We have little precedent for our guidance. We must of necessity blaze our own trail. If, therefore, under such circumstances, error is made, the most that can reasonably be hoped is a correction of such error. I am, in view of my further, more mature, investigation, study and reflection constrained to reach the conclusion that the dissenting opinion filed by Judge Schuck in the Richards case, above cited, announces the correct view that should be adopted by the court in determining the question of its jurisdiction to maintain claims against subdivisions or units of government.
A county board of education is not a state agency as defined by the act creating the state court of claims.
Insofar as the opinion in re claim No. 48, J. C. Richards v. The Board of Education of Calhoun County, and the opinion in re claim No. 55, Benjamin Johnson, Jr. v. The Board of Education of Logan County, recognize the jurisdiction of the court of claims to entertain, investigate and make determinations in claims against a county board of education is concerned, such holding is now disapproved by a majority of the court.
Until such time as the Legislature shall clarify the question of the jurisdiction of the court of claims to entertain, investí- *371 gate and make determinations in claims filed against a county board of education, and so amend the statute as to make certain its intention to confer upon the court such jurisdiction, the court of claims, as now constituted, will hold that it is without prima facie jurisdiction to entertain such claims.
Judge Elswick dissents.